IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:01CV142-1-MU

| | |
|---|---|
| JIMMIE LEE HARRIS,              )<br>                                                  )<br>             Petitioner,              )<br>                                                  )<br>             v.                           )<br>                                                  )<br>ROY COOPER,                       )<br>                                                  )<br>             Respondent.          )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court upon Respondent's Motion for Summary Judgment. Upon a review of the record, the arguments, and applicable authorities, the Court finds that Respondent's motion for summary judgment should be granted and Petitioner's § 2254 petition for writ of habeas corpus should be dismissed.

## PROCEDURAL BACKGROUND

On October 22, 1998, after a trial by jury, Petitioner was convicted of second-degree rape, second-degree kidnaping, second-degree sexual offense, and attempted crime against nature, in the Superior Court of Buncombe County. At the conclusion of the trial Petitioner pled guilty to the status of habitual felon. The court sentenced Petitioner to three life terms without parole plus 120 days. On October 3, 2000, the North Carolina Court of Appeals issued a published opinion finding no prejudicial error and the North Carolina Supreme Court denied further review on December 20, 2000. State v. Harris, 140 N.C. App. 208, review denied, 353 N.C. 271 (2000).

Petitioner has now filed a federal habeas petition alleging an insufficiency of the evidence claim and a double jeopardy claim. Petitioner subdivides his insufficiency of the evidence claim

into four subparts and his double jeopardy claim into three subparts. The Court will address each of the subparts below.

## ANALYSIS

### I. STANDARD OF REVIEW

The threshold inquiries for a federal court reviewing a federal habeas petition are whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are procedurally barred. 28 U.S.C. § 2254. In order to exhaust a claim a petitioner must have fairly presented it to the state courts. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000), cert. denied, 531 U.S. 1193 (2001).

If a petitioner's claim is unexhausted, it may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court. See id. However, when the procedural bar that gives rise to exhaustion provides an independent and adequate state law ground for the conviction and sentence it prevents federal habeas review of the defaulted claim unless the petitioner can establish cause and prejudice for the default. See id.

If a petitioner's claims are exhausted and not procedurally barred, the federal court must next examine whether or not the petitioner's claims were "adjudicated on the merits" by the state court. If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in 28 U.S.C. § 2254(d) applies. If a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on

the merits,[1] a federal court reviews the claim questions of law and mixed questions of law and fact de novo. Angelone v. Weeks, 176 F.3d 249, 258 (4th Cir. 1999), aff'd, 527 U.S. 1060 (2000).

The standard of review set forth in § 2254(d) is to be applied to "all claims 'adjudicated on the merits,' that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.23d 445, 455 (4th Cir. 1999). The standard of review is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001), cert. denied, 535 U.S. 1104 (2002). This deference extends to summary dismissals. See Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001).

Pursuant to § 2254(d) a federal court may not grant a writ of habeas corpus unless the state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ." Id. (internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the

---

[1] If the state court has not ruled on the merits of a claim because it has expressly denied a habeas petitioner's claim based upon an independent and adequate state procedural rule such claim is considered procedurally defaulted in federal court. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

3

Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch.  An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing.  Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles.  Id.

## II.  INSUFFICIENCY OF THE EVIDENCE

### A.  Failure to Prove Confinement, Restraint, or Coercion

Petitioner alleges that the state failed to prove the necessary element of confinement, restraint, or removal of the victim in order to convict him of second-degree kidnaping.  Petitioner contends that the victim testified that she voluntarily accompanied him.

Petitioner raised this precise claim in state court on direct review where it was denied.  In ruling that sufficient evidence had been presented to the jury to support a finding of restraint, the North Carolina Court of Appeals noted that restraint may be accomplished by "fraudulent representations amounting substantially to a coercion of the will."   The state court then, citing state case law, concluded that Petitioner's act of fraudulently coercing the victim to go to the cemetery was sufficient to permit the kidnaping claim to go to the jury.

In reviewing a claim of insufficiency of the evidence, a court must consider whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307 (1979).  Here, the victim's testimony coupled with the evidence of Petitioner's two prior rape convictions[2] leads this Court to conclude that a rational trier of fact

---

[2]  These convictions were admitted into evidence to establish a common plan or scheme.

could have found the essential elements of kidnaping beyond a reasonable doubt.

Petitioner argues repeatedly that the victim's testimony demonstrates that she went voluntarily to the cemetery with him. Petitioner argument, however, does not go to rebut the fact that given the course of events, a rational trier of fact could conclude that Petitioner planned on raping her at the cemetery and fraudulently induced her to voluntarily accompany him by informing her that he wanted to go there to drink.

This Court finds that the North Carolina Court of Appeal's decision was not contrary to, nor involved an unreasonable application of the law. Nor is this Court aware of any Supreme Court precedent that is contrary to the North Carolina Court of Appeals holding. Likewise, the Petitioner does not establish, nor does this Court find, that the state court decision was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

### B. Violation of Confrontation Clause Right

Petitioner alleges that the trial court violated his Confrontation Clause right when it refused to allow him to impeach the victim, Regina Danner, with her prior convictions. More specifically, Petitioner alleges that the trial court should have allowed him to cross-examine the victim about her three previous offenses of interstate transportation of stolen property, interstate transaction of false security, and embezzlement by employee.

A federal court may not grant a writ of habeas corpus to a petitioner in state custody unless he has first exhausted his state remedies by presenting his claims to the highest state court. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Duncan v. Henry, 513 U.S. 364 (1995)(Petitioner must expressly raise the same federal constitutional claim in state

court that he raises in federal court); Anderson v. Harless, 459 U.S. 4 (1982)(presentation of similar claim not sufficient). Respondent contends, and this Court agrees, that Petitioner has failed to exhaust his remedies concerning this precise claim and that he is now procedurally barred from pursuing this claim in federal court.

In state court Petitioner argued on direct appeal[3] that the trial court committed reversible error when it refused to allow Petitioner to impeach the victim with prior crimes that were committed over ten years ago. Petitioner did not cite or refer to any federal authority in making his argument. Nor did Petitioner phrase his claim using any words which would invoke constitutional authority as the basis for his claim. Likewise, the North Carolina Court of Appeals did not cite any federal authority for its decision. Rather, the court of appeals cited state case law in reaching its decision. Consequently, this Court holds that Petitioner did not present his current claim in a federal context to the state court and as such he has failed to exhaust his state court remedies. See Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir.)(stating that to satisfy the "fair presentation" requirement of the exhaustion doctrine, the ground relied upon must be presented face-up and squarely in state court), cert. denied, 531 U.S. 1193 (2001).

If Petitioner were to return to state court and attempt to raise this claim, it would be considered procedurally barred pursuant to North Carolina's mandatory post-conviction procedural bar statute. See N.C. Gen. Stat. § 15A-1419(a)(1), (a)(3) and (b). The procedural default rule of § 15A-1419(a) and (b) is an adequate and independent state ground precluding habeas review. See Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998), cert. denied, 525 U.S.

---

[3] The Court notes that Petitioner did not raise this claim in federal constitutional terms in his petition for discretionary review.

1155 (1999). Consequently, Petitioner has procedurally defaulted this claim.

A petitioner may overcome a finding of procedural default by showing cause for the default and actual prejudice arising from the asserted constitutional error. See Breard v. Pruett, 134 F.3d 615, 620 (4th Cir.), cert. denied, 523 U.S. 371 (1998). Petitioner, however, does not allege any cause[4] for his failure to exhaust and thus this Court holds that his claim is procedurally defaulted.

Moreover, even if Petitioner had not procedurally defaulted this claim, his claim would still fail because Petitioner does not cite to any Supreme Court precedent that is contrary to the state court's ruling or supports a finding that the state court's decision involved an unreasonable application of Supreme Court precedent. Nor does Petitioner establish that the state court decision was based upon an unreasonable determination of the facts in light of the evidence presented in state court.

In addition, the error at issue was harmless. That is, in light of the numerous other prior crimes and/or bad acts committed by the victim which were presented to the jury, the probative value of the convictions at issue was slight.

### C. Erroneous Admission of Petitioner's Two Prior Rape Convictions

Petitioner alleges that the state trial court violated his due process rights when it allowed testimony concerning his two prior rape convictions into evidence.

As previously stated, a federal court may not grant a writ of habeas corpus to a petitioner in state custody unless he has first exhausted his state remedies by presenting his claims to the

---

[4] The Court notes that any claim by Petitioner that his appellate counsel's failure to raise his claim in constitutional terms constituted cause so as to excuse his procedural default would itself be unexhausted. See Murray v. Carrier, 477 U.S. 478, 488-89 (1986).

7

highest state court.  28 U.S.C. § 2254(b)(1)(A);  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Duncan v. Henry, 513 U.S. 364 (1995)(Petitioner must expressly raise the same federal constitutional claim in state court that he raises in federal court); Anderson v. Harless, 459 U.S. 4 (1982)(presentation of similar claim not sufficient).   Respondent contends, and this Court agrees, that Petitioner has failed to exhaust his remedies concerning this precise claim  and that he is now procedurally barred from pursuing this claim in state court.

In state court  Petitioner argued on direct appeal[5] that the trial court committed reversible error when it allowed into evidence his two prior rape convictions.   More specifically, Petitioner argued that the trial court had violated North Carolina's Rules of Evidence 404(b) and 403.[6] Petitioner did not phrase his claim using any words which would invoke federal constitutional authority as the basis for his claim.   Likewise, the North Carolina Court of Appeals did not cite any federal authority for its decision. Rather, the court of appeals cited state case law in reaching its decision. Consequently, this Court holds that Petitioner did not present his current claim in a federal context to the state court and as such he has failed to exhaust his state court remedies. See Baker v. Corcoran,  220 F.3d 276, 289 (4th Cir.)(stating that to satisfy the "fair presentation" requirement of the exhaustion doctrine, the ground relied upon must be presented face-up and squarely in state court),  cert. denied, 531 U.S. 1193 (2001).

---

[5]  The Court notes that Petitioner did not raise this claim in federal constitutional terms in his petition for discretionary review.

[6]  The Court notes that Petitioner's counsel on direct appeal cited two federal cases in support of his argument that the two prior convictions should have been excluded because they were too prejudicial.  The mere citation to these federal cases involving an analogous federal rule of evidence did not serve to raise Petitioner's claim in due process terms in state court.   These citations did not alter in any way the fact that Petitioner was arguing that Rule 403 of the North Carolina Rules of Evidence had been violated.

8

If Petitioner were to return to state court and attempt to raise this claim, it would be considered procedurally barred pursuant to North Carolina's mandatory post-conviction procedural bar statute. See N.C. Gen. Stat. § 15A-1419(a)(1), (a)(3) and (b). The procedural default rule of § 15A-1419(a) and (b) is an adequate and independent state ground precluding habeas review. See Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998), cert. denied, 525 U.S. 1155 (1999). Consequently, Petitioner has procedurally defaulted this claim.

A petitioner may overcome a finding of procedural default by showing cause for the default and actual prejudice arising from the asserted constitutional error. See Breard v. Pruett, 134 F.3d 615, 620 (4th Cir.), cert. denied, 523 U.S. 371 (1998). Petitioner, however, does not allege any cause[7] for his failure to exhaust and thus this Court holds that his claim is procedurally defaulted.

Moreover, even if Petitioner had not procedurally defaulted this claim, the Court is unaware of any Supreme Court precedent that is contrary to the state court's ruling or supports a finding that the state court's decision involved an unreasonable application of Supreme Court precedent. Nor does Petitioner establish that the state court decision was based upon an unreasonable determination of the facts in light of the evidence presented in state court.

### D. Second-Degree Rape Jury Instruction Error

Petitioner also alleges that the state trial court violated his Sixth and Fourteenth Amendment rights when it erred in instructing the jury on a theory of guilt of second-degree kidnaping not alleged in the indictment. More specifically, Petitioner alleges that while the

---

[7] The Court notes that any claim by Petitioner that his appellate counsel's failure to raise his claim in constitutional terms constituted cause so as to excuse his procedural default would itself be unexhausted. See Murray v. Carrier, 477 U.S. 478, 488-89 (1986).

indictment alleged that Petitioner kidnaped the victim for the purpose of committing the felony of rape, the trial judge instructed the jury that it could convict Petitioner if it found that Petitioner kidnaped the victim for the purpose of committing the felonies of rape, second degree sexual offense, or crime against nature.

The North Carolina Court of Appeals ruled on this precise issue. In ruling on this issue, the North Carolina Court of Appeals determined that the judge's jury instructions were erroneous because they added two additional theories of conviction not alleged in the indictment. The state court went on to hold, however, that the error was harmless. Under the plain error standard, the state appeals court found that Petitioner could not show that but for the erroneous jury instruction he would not have been convicted. That is, the court found that the evidence established that Petitioner committed or attempted to commit rape, statutory sex offense, and crime against nature, and that the jury convicted him of all three offenses. Consequently, the state court held that "[u]nder these circumstances we are satisfied that the result would have been the same on the [kidnaping] charge had the judge limited the jury's consideration on the [felonious purpose] element to [rape] as charged in the indictment."

In order to obtain federal habeas relief based upon an alleged jury instruction error, a petitioner must establish that the error was so egregious that it rendered his entire trial fundamentally unfair. See Henderson v. Kibbe, 431 U.S. 145, 154 (1973); Estelle v. McGuire, 502 U.S. 62, 66 (1991). Given that Petitioner was separately convicted of each of the substantive crimes, including the crime alleged in Petitioner's Indictment, used to satisfy the felonious intent element of the kidnaping charge, this Court holds that the erroneous jury instruction did not render Petitioner's entire trial fundamentally unfair.

This Court is unaware of any Supreme Court precedent that is contrary to,[8] or involved an unreasonable application of the law the North Carolina Court of Appeals holding. Likewise, the Petitioner does not establish, nor does this court find that the state court decision was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## III. DOUBLE JEOPARDY VIOLATIONS

### A. Erroneous Second-Degree Sexual Offense Jury Instruction

Petitioner also alleges that the trial court's jury instruction on second degree sexual offense allowed the jury to convict him of that crime based on elements of second-degree rape, in violation of his double jeopardy and due process rights. More specifically, Petitioner alleges that the trial court erred when it instructed the jury that "sexual act" encompassed "any penetration, however slight by an object into the genital opening of a person's body" because it did not exclude "vaginal intercourse" from the definition of an object. This mistake, Petitioner contends, allowed the jury to convict him of second degree statutory offense and rape based upon the same act of vaginal intercourse.

Petitioner raised this issue in the North Carolina Court of Appeals. The North Carolina Court of Appeals stated that although "the trial court should have explicitly excluded vaginal intercourse from its definition of 'sexual act,' we conclude any error did not prejudice defendant." The court held that although technically incomplete, the instructions were sufficient to differentiate between the two offenses so that the jury understood it was to consider vaginal

---

[8] The Court notes that the cases cited by Petitioner in his response to the Government's Motion for Summary Judgment are primarily circuit court cases. In addition, at a minimum, the Supreme Court cases are not on point.

intercourse for purposes of the rape charge and the digital penetration for purposes of the sex offense charge.

An alleged error or omission in a state trial court's jury instruction violates the constitution only if the error was so egregious that it rendered the entire trial fundamentally unfair. See Henderson v. Kibbe, 431 U.S. 145, 154 (1977); Estelle v. McGuire, 502 U.S. 62, 66 (1991). Reviewing the evidence presented, this Court finds that the state court jury instructions did not render Petitioner's entire trial fundamentally unfair.

Moreover, this Court is unaware of any Supreme Court precedent which is clearly contrary to the state court's ruling. Looking at the instructions as a whole and at the trial record, this Court concludes that Petitioner has not established that the state court's ruling was contrary to clearly established law or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Consequently, his claim must fail.

**B. Insufficient Evidence of Confinement or Restraint**

Petitioner also alleges that the state trial court violated his Fifth and Fourteenth Amendment rights by submitting a second-degree kidnaping charge to the jury where there was insufficient evidence of confinement and restraint independent of other crimes. That is, Petitioner argues that his double jeopardy rights were violated because the restraint associated with the rape must have been used to convict him on the kidnaping charge.

This allegation is essentially the same as the first claim raised by Petitioner. That is, it rests on the identical factual assertion that the evidence was insufficient to establish confinement, restraint, or removal independent of the actual rape. The analysis set forth above in section II A regarding the element of confinement, restraint, or removal applies and Petitioner's claim is

12

denied on those grounds.

Moreover, Petitioner did not raise this claim in Double Jeopardy terms in state court and therefore he has not exhausted his state remedies with regard to this claim. See Duncan v. Henry, 513 U.S. 364 (1995)(Petitioner must expressly raise the same federal constitutional claim in state court that he raises in federal court). If Petitioner were to return to state court and attempt to raise this claim, it would be considered procedurally barred pursuant to North Carolina's mandatory post-conviction procedural bar statute. See N.C. Gen. Stat. § 15A-1419(a)(1), (a)(3) and (b). The procedural default rule of § 15A-1419(a) and (b) is an adequate and independent state ground precluding habeas review. See Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998), cert. denied, 525 U.S. 1155 (1999). Consequently, Petitioner has procedurally defaulted this claim.

### C. Short-Form Indictment Claim

Petitioner also alleges that the trial court violated his Sixth and Fourteenth Amendment rights when it entered judgment on his rape and sex offense verdicts where the indictments were insufficient to allege these offenses. More specifically, Petitioner alleges that the short-form indictments used to charge him with rape and a sex offense were defective because they failed to specifically allege all the elements of each offense.

Petitioner raised this issue in his direct appeal and the state court ruled that the North Carolina Legislature and courts have endorsed the use of short-form indictments for rape and sex offenses. In addition, the North Carolina Court of Appeals held that the United States Supreme Court in United States v. Jones, 526 U.S. 227 (1999) did not alter this conclusion because the Supreme Court's holding did not deal with state pleading requirements under the Due Process

13

Clause of the Fourteenth Amendment.

Because the state court adjudicated this issue, in order to prevail Petitioner must establish that the state court's ruling was "contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States" or that it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Petitioner does not cite to any allegedly contrary clearly established Supreme Court precedent. Nor is this Court aware of any such precedent. Although Petitioner does not cite to these cases, this Court finds that neither Apprendi v. New Jersey, 530 U.S. 466 (2000), nor Jones v. United States, 526 U.S. 227 (1999),[9] constitute clearly established Supreme Court precedent for the proposition that short-form indictments in state court are unconstitutional. See Holliman v. Beck, 351 F. Supp.2d 449 (M.D.N.C. 2005)(holding that state court did not act contrary to or unreasonably apply federal law in determining that state short-form indictment did not violate Fifth Amendment). Consequently, the North Carolina Court of Appeal's rejection of this claim was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent.

## IV. MOTION TO AMEND

In response to an argument raised by Respondent in his Motion for Summary Judgment, Petitioner asks this Court to amend his federal habeas petition to have Theodis Beck named as the Respondent rather than Roy Cooper. For good cause shown, Petitioner's Motion to Amend is

---

[9] The Court notes that neither United States v. Booker, 125 S. Ct. 738 (2005) nor Blakely v. Washington, 124 S. Ct. 2531 (2004) have any impact on this Court's analysis as they were not decided at the time Petitioner's conviction became final.

granted.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Motion to Amend is **GRANTED** and Theodis Beck is substituted in place of Roy Cooper as the named Respondent in this matter;

2. Respondent's Motion for Summary Judgment is **GRANTED**; and

3. Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED**.

**Signed: May 16, 2005**

Graham C. Mullen
Chief United States District Judge